WYCO PIPE LINE COMPANY, Appellant v. HASSELSTROM

et al., Defendants and Respondents, and

Federal Land Bank, Defendants

(137 N.W.2d 584)

(File No. 10221. Opinion filed October 27, 1965)

**Whiting, Lynn, Freiberg & Shultz,** Rapid City, for plaintiff and appellant.

**Bangs, McCullen, Butler & Foye,** Rapid City, for defendants and respondents.

HANSON, J. The Wyco Pipe Line Company seeks to acquire by condemnation an easement four rods wide for the construction, operation and maintenance of an oil and gas pipe line across land in Custer County owned by defendants, John and Mildred Hasselstrom. The trial court dismissed plaintiff's amended petition for the reason it failed to state a claim upon which relief can be granted in that plaintiff has no delegated power of eminent domain with reference to the easement sought to be condemned. Plaintiff appeals.

The amended petition recites in substance it is filed pursuant to SDC Supp. 37.40 and SDC 8.0801 and:

1. Petitioner is a Delaware corporation authorized to engage in the business of transporting petroleum, gas and the products thereof by pipe line; and to exercise the right of eminent domain when permitted by law for necessary lands and rights of way.

2. Petitioner is qualified to transact business in the state of South Dakota as a foreign corporation.

3. Petitioner is a common carrier of oil, gas, and the products thereof and offers to the public to carry such products between Casper, Wyoming, and Rapid City, South Dakota.

4. Petitioner is now constructing such pipe line and a copy of the resolution adopted by its directors for that purpose is attached.

5.  That the pipe line is to be constructed according to plans and specifications on file with the company; and it is necessary and in the public interest to appropriate private property in Custer County, South Dakota for a part of the right of way for such pipe line to be used in its common carrier operations.

6.  A plat showing the location of the pipe line as it affects the property involved is attached.

7.  That the acquisition of the property is necessary and for a public purpose.

8.  Specifies the nature of the taking together with the right of ingress and egress.

9.  A legal description of the easement four rods wide.

10. The names of the persons having an interest or lien in the property.

11. That the land involved is rough and rolling and the nature of equipment necessarily used in constructing, maintaining and operating the pipe line requires a right of way easement four rods wide across defendants' land.

The petition concludes with a prayer for judgment condemning the described easement and right of way in accordance with the provisions of SDC Supp. 37.40.

■ We deem the petition sufficiently alleges a cause of action for the condemnation of the right of way requested. The authority of Wyco to acquire an easement by condemnation is expressly granted by SDC 8.0801 which provides that "Everyone who offers to the public to carry persons, property, or messages, including carriage of oil or gas by pipe line, is a common carrier of whatever he thus offers to carry. Such carrier may exercise the right of eminent domain in acquiring right of way as prescribed by statute." The phrase "as prescribed by statute" merely subjects the delegated authority to the procedural requirements of SDC 37.40 relating to condemnation actions. This conclusion is dictated by the clear and unrevised language of Ch. 139, Laws of 1921, which is the source of SDC 8.0801.

■ Petitioner's right to exercise the power of eminent domain also devolves from SDC 52.1801 which makes Chapter 52.15 applicable to "corporations organized for the purpose of manufacturing, producing, supplying, or transporting gas, natural or artificial" and further provides that such corporations shall enjoy and possess "all of the privileges, rights, powers, and franchises possessed by electric light and power corporations, so far as they are consistent therewith." The transportation of gas is one of the primary purposes of the Wyco Pipe Line Company. Its delegated power to acquire right of way by eminent domain authorized by SDC 52.1801 and Chapter 52.15 is not destroyed by the fact it also has corporate authority to transport other petroleum products.

Notwithstanding, defendants contend and the trial court concurred that a common carrier of gas by pipe line cannot acquire by condemnation a right of way in excess of ten feet by virtue of the express limitation contained in SDC 52.0257. The Wyco Company alleges and asserts an easement 66 feet wide is required and is necessary by reason of topography, character of the pipe line being constructed, and the size of modern machinery used in the construction, operation, and maintenance of its pipe line. SDC 52.1509(1) (4) (5) and SDC 52.1511 is relied upon as authority for the acquisition by condemnation of such real property as may be necessary for the construction and operation of its pipe line.

Chapter 207 and part of Chapter 219 of the Session Laws of 1929 were combined and revised in SDC 1939 as Section 52.-0257. It reads:

"Sections 52.0811, 52.0812, 52.0813, 52.0814, 52.0815, and 52.0816, inclusive, shall apply also to corporations, partnerships, or individuals for a right of way ten feet wide through all the lands referred to in said sections for the construction, operation, or maintenance of pipe lines for the transportation or distribution of oil or other natural gas, and also to corporations, partnerships, or individuals for a right of way for the construction, operation, or maintenance of telegraph, telephone, or elec-

tric transmission or distribution lines; including the right to secure such land as may be reasonably required for pumps, stations, substations, tanks, or buildings necessary for the transportation, transmission, or distribution of oil, natural gas, messages by telegraph or telephone, or electrical energy; provided that the rights and powers conferred by this section shall be subject to such reasonable terms, conditions, and regulations as the Board of School and Public Lands may prescribe."

The intent, purpose, and scope of SDC 52.0257 is clearly reflected in the titles of its parent acts. The title of Chapter 207, Session Laws of 1929, states it to be "An Act Permitting Petroleum Oil Corporations, Companies and Individuals to Cross and Occupy School and Other Lands of This State for Oil and Natural Gas Pipe Lines, and for Other Purposes" and the title of Chapter 219, Session Laws of 1929, reads "An Act Authorizing the Commissioner of School and Public Lands to Grant to Any Person, or Telegraph, Telephone, Gas, Oil, Water or Other Company an Easement for Lines or Mains Across School and Public Lands." It is obvious these laws were intended to apply to and affect only school and public lands. However, with the exception of Section 52.0816 the reference statutes contained in 52.0257 have no relationship to the subject matter involved. Section 52.0811 authorizes a railroad corporation to enter upon any land and to appropriate so much real property as may be necessary for the location, construction, and convenient use of its road; Section 52.0812 authorizes any railroad whose constructed road shall reach or intersect the boundary line of this state at any point to extend its railroad into this state and prescribes the procedure for doing so; Section 52.0813 authorizes any railroad to acquire real property by purchase or condemnation; Section 52.0814 provides procedure for settlement of damages for railroad taking of property belonging to incompetents; and Section 52.0815 authorizes a railroad to pass over, occupy, and enjoy all the public land prescribed by Act of Congress approved March 3, 1875.

SDC 52.0816 on the other hand is germane to and in harmony with the subject matter of Section 52.0257. It authorizes a

railroad to locate and construct its railway across any of the school and public lands of the state and for that purpose to hold, occupy and enjoy a right of way 50 feet in width from the center of the track on each side thereof together with extra right of way widths where necessary and acreage for depots, stations, turnouts, etc. The procedure for acquiring such rights of way across state lands is prescribed in SDC 52.0816, 52.0817, 52.0818, 52.0819, and 52.0820 inclusive. Apparently these are the statutes that should have been referenced in SDC 52.0257 instead of 52.0811 to 52.0815 inclusive. This error was made in Ch. 207, Laws of 1929 and perpetuated in SDC 52.0257. All of which may be academic as SDC 15.0402, which also has its genesis in Ch. 219 of the Laws of 1929, authorizes the Commissioner of School and Public Lands "to grant to any person, or telegraph, telephone, gas, oil, or other company an easement for its lines or mains, or for other public purposes, across or upon school and endowment lands" without restriction or limitation as to the width of such easement.

In any event, we conclude SDC 52.0257 relates only to school and public lands and its restriction on the width of rights of way for pipe lines has no application to the private land owned by defendants in the present proceeding.

Reversed.

All the Judges concur.